■ KATHLEEN M. LANGSTON et al., Respondents, v JOHN F. MONTIONE, Appellant.—Order affirmed with costs for reasons stated at Supreme Court, Boehm, J. All concur except Boomer, J., who dissents and votes to reverse and reinstate the verdict, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent. In this medical malpractice action the complaint alleged several bases for liability, three of which were submitted to the malpractice panel as well as to the jury. The malpractice panel considered all three theories and recommended a finding of liability without specifying which of the theories it based its recommendation upon.

At trial, after plaintiffs' counsel read the recommendation of the malpractice panel to the jury, defense counsel called the attorney member of the panel, who testified that the panel based its recommendation of liability upon the third theory and rejected the first two. The jury rendered a verdict in favor of defendant and the court set aside the verdict upon the ground that the testimony of the attorney member of the panel was erroneously received.

I vote to reverse the order setting aside the jury's verdict and reinstate the verdict. Judiciary Law § 148-a (8) provides that if the recommendation of the panel is read to the jury, "the doctor member or the attorney member of the panel, or both of them, may be called as a witness by any party with reference to the recommendation of the panel only." As the Court of Appeals said in *Bernstein v Bodean* (53 NY2d 520, 527-528), we cannot attribute to the Legislature, in using that language, a purpose "to insulate [the panel's] recommendation from the scrutiny of cross-examination * * *. [E]xamination is authorized as to any matter which may reasonably assist the triers of fact in judging the significance and probative worth properly to be accorded the panel's recommendation." The subjects of the examination may include, among others, "the factual predicates and the medical bases on which and the reasoning processes by which the panel and its individual members reached tentative and final conclusions" *(Bernstein v Bodean, supra,* at 528).

Here, the question posed by defense counsel to the panel members, "what was the basis for your decision?", was the very question held to be proper in *Bernstein v Bodean (supra,* at 524). It was proper because it inquired into the "medical bases on which and the reasoning processes by which the

panel and its individual members reached * * * conclusions" and it was designed to elicit information that would reasonably assist the jury "in judging the significance and probative worth properly to be accorded the panel's recommendation." *(Bernstein v Bodean, supra,* at 528.)

Although plaintiffs' counsel objected to the question, he did not object to the answer and, thus, the issue of the admissibility of the answer was not preserved for appellate review. In any event, the answer was proper because it informed the jury that the panel based its recommendation on only one theory of liability and rejected the other two. This was information that would assist the jury in assessing the probative worth of the panel's recommendation. Without this line of inquiry, the jury might be misled into believing that the panel's recommendation of liability was based on all three theories, a belief which would have given the recommendation more weight than it was entitled to. If plaintiffs' counsel wished to avoid any negative effect from the disclosure that the panel rejected two of plaintiffs' theories, he could have refrained from introducing the panel's recommendation. Since he did introduce the recommendation, defense counsel was entitled to explore its probative worth. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—set aside jury verdict.) Present— Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.